UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

SHELLY TRASK,
individually, and on
behalf of others similarly situated,

    Plaintiff,

v.

QUALITY BUSINESS ENGRAVING LLC,
a Michigan limited liability company, and
MICHAEL NEELY, an individual,

    Defendants.

Case No.
Hon.
Magistrate Judge

Zachary B. Mack (P62742)
Sarah S. Prescott (P70510)
Salvatore Prescott & Porter, PLLC
Attorneys for Plaintiff
105 East Main Street
Northville, Michigan 48167
Tele: (248) 679-8711
Fax:  (248) 773-7280
Email: mack@spplawyers.com

**COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Shelly Trask, individually and on behalf of all others similarly situated, by and through her attorneys, hereby brings this Collective Action

Complaint against Defendants, Quality Business Engraving LLC and Michael Neely (hereinafter referred to as "Defendants"), and states as follows:

## Introduction

1. This is a collective action brought pursuant to 29 U.S.C. § 216(b) by Plaintiff, Shelly Trask, individually and on behalf of all similarly situated persons employed by Defendants, arising from Defendants' willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

2. Defendants employed Plaintiff as an hourly worker responsible for making products for Defendants and their customers, including but not limited to signs and nameplates.

3. At times throughout her employment, Plaintiff worked in excess of 40 hours per week.  However, Defendants maintained illegal compensation policies pursuant to which they failed and/or refused to pay Plaintiff (and others similarly situated) time-and-a-half for hours worked in excess of 40 hours per week.

4. Defendants were obligated by the FLSA to compensate Plaintiff (and others similarly situated) for all hours worked and work performed beyond 40 hours in each given workweek at a rate of one-half times Plaintiff's (and other applicable) normal hourly rates.

5. Defendants were aware of their obligations to compensate Plaintiffs for all hours worked, and for worked performed beyond 40 hours in a workweek during

the relevant time period at one and one-half times the applicable regularly hourly rate. Defendants nevertheless failed and/or refused to pay Plaintiff (and others) for worked performed beyond 40 hours in each given workweek during the relevant time frame at a rate one and one-half times the applicable regular hourly rate. Defendants conduct in that regard amounts to a willful violation of the provisions of the FLSA.

## Jurisdiction and Venue

6. This Court has subject-matter jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331 because it raises a federal question under 29 U.S.C. § 201, *et seq*.

7. Additionally, this Court has jurisdiction over this collective FLSA claim pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction."

8. This Court has personal jurisdiction over Defendants because Defendants, at all relevant times, conducted and continue to conduct business within the State of Michigan, including the jurisdiction of this Court.

9. Defendants' annual sales exceed $500,000 and Defendants have more than two employees, so the FLSA applies in this case on an enterprise basis.

Defendants' engage in interstate commerce and, therefore, they are also covered by the FLSA on an individual basis.

10.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because Defendants conduct business in this district, employed Plaintiff and many similarly situated individuals in this district, and a substantial portion of the events giving rise to Plaintiff's claims occurred in this district.

## Parties

11.     Plaintiff Shelly Trask is resident of Pontiac, Michigan, and was employed by Defendant has an hourly production employee from approximately 2013 to February of 2019. Plaintiff signed a consent form to join this lawsuit, which is attached to this Complaint as **Exhibit A**.

12.     Additional Opt-In Plaintiffs were or are still employed by Defendants as hourly workers during the past three years and their consent forms will also be filed in this case.

13.     Defendant Quality Business Engraving LLC (Defendant "QBE") is a Michigan limited liability company which operates out of a principal place of business in Rochester Hills, Michigan, within the jurisdiction of this Court. Defendant QBE manufacturers and produces custom nameplates, decals, signs, awards, and gifts, among other items.

14. Defendant Michael Neely is the sole owner and manager of Defendant QBE and, upon information and belief, resides in Pontiac, Michigan, within the jurisdiction of this Court.

15. At all relevant times, Defendant Neely had the power to hire and fire Plaintiff and other similarly situated employees; supervised and controlled employee work schedules and/or conditions of employment; determined employees' rates of pay and method of payment; and maintained and/or created employment records.

## General Allegations

16. Plaintiff was last employed by Defendants at the rate of $16.00 per hour.

17. Plaintiff and Defendants' other hourly employees are responsible for producing products on behalf of Defendants, including but not limited to signs and nameplates, among other products.

18. In addition to production employees, Defendants employ other non-exempt hourly workers.

19. In connection with the performance of her duties on behalf of Defendants, Plaintiff worked beyond 40 hours during numerous separate workweeks, but Defendants maintained illegal compensation policies pursuant to which they failed and refused to pay Plaintiff (and their other similarly situated employees) time-and-a-half for hours worked in excess of 40 hours per week.

5

20.     Specifically, Defendants would provide "comp time" to Plaintiff, and other similarly situated employees, for hours worked in excess of 40 hours per week. The comp time was provided on a straight hour for hour basis, and was given in lieu of required overtime pay.

21.     Upon information and belief, Defendants also failed and/or refused to maintain records of hours worked by Plaintiff and similarly situated employees, including overtime hours worked.

22.     Upon information and belief, Defendants also failed and/or refused to maintain records of comp time accrued by Plaintiff and similarly situated employees.

23.     As a result of Defendants' compensation policies described above, Plaintiff (and other similarly situated employees) were deprived pay for compensable time worked, including overtime.

24.     At all relevant times, Defendants controlled Plaintiff's (and other similarly situated employees') work schedules, duties, protocols, applications, assignments and employment conditions.

25.     To the extent Defendants may have had written policies requiring the payment of overtime, the reality is that Defendants did not follow these policies, resulting in Plaintiff (and other similarly situated employees) being deprived pay for compensable time worked, including overtime.

6

## Collective Action Allegations

26. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA on behalf of herself and on behalf of:

> *All current and former non-exempt hourly employees of Defendants who worked for Defendants at any time from January 20, 2017 through the date of judgment.*

(hereinafter referred to as the "FLSA Collective"). Plaintiff reserves the right to amend this definition if necessary.

27. Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and others similarly situated.

28. Excluded from the proposed FLSA Collective are Defendants' executives, administrative, and professional employees, *i.e.* any exempt employees.

29. Consistent with Defendants' policies and practice, Plaintiff and the proposed FLSA Collective were not paid for all overtime compensation when they worked beyond 40 hours in a workweek.

30. All of the work Plaintiff and the proposed FLSA Collective performed was assigned by Defendants, and/or Defendants were aware of all of the work the Plaintiffs and the proposed FLSA Collective performed.

31. As part of their regular business practice, Defendants intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA

with respect to Plaintiff and the members of the FLSA Collective. This policy and pattern or practice includes, but is not limited to, willfully failing to pay their employees, including Plaintiff and the members of the FLSA Collective, for all overtime wages for hours that they worked in excess of forty (40) hours per workweek; and willfully failing to record and/or keep records of all of the time that their employees, including Plaintiff and the members of the FLSA Collective, have worked for the benefit of Defendants, including overtime work.

32. Defendants are aware, or should have been aware, that federal law required Defendants to pay Plaintiff and the proposed FLSA Collective members an overtime premium for all hours worked in excess of forty (40) per workweek.

33. Defendants' unlawful conduct was widespread, repeated, and consistent.

34. A collective action under the FLSA is appropriate because the employees described above are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b). The employees on behalf of whom Plaintiff brings this collective action are similarly situated because (a) they have been or are employed in the same or similar positions; (b) they were or are performing the same or similar job duties; (c) they were or are subject to the same or similar unlawful practices, policy, or plan; and (d) their claims are based upon the same factual and legal theories.

35. The employment relationship between Defendants and every proposed FLSA Collective member are the same, and differ only by name and (possibly) rate

of pay. The key issues – nonpayment of overtime premiums – does not vary substantially among the proposed FLSA Collective members.

36. There are many similarly situated current and former employees of Defendants who were underpaid in violation of the FLSA. They would benefit from the issuance of a court-authorized notice of this lawsuit and the opportunity to join.

37. Plaintiff estimates the FLSA Collective, including both current and former employees of Defendants' over the relevant period, includes approximately fifteen members. The precise number should be readily available from a review of Defendants' personnel and payroll records.

## **Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq.**

38. Plaintiff re-alleges and incorporates the preceding paragraphs.

39. At all times relevant to this action, Defendants were subject to the mandates of the FLSA.

40. At all times relevant to this action, Defendants were engaged in interstate commerce, or in the production of goods for commerce, as defined by the FLSA.

41. At all times relevant to this action, Plaintiff and the FLSA Collective members were "employees" of Defendants within the meaning of the FLSA.

42. Plaintiff and other FLSA Collective members, by virtue of their job duties and activities actually performed, are all non-exempt employees.

43.     Plaintiff and the FLSA Collective members either (a) engaged in commerce; or (b) engaged in the production of goods for commerce; or (3) were employed in an enterprise engaged in commerce or in the production of goods for commerce.

44.     At all times relevant to this action, Defendants "suffered or permitted" Plaintiff and all similarly situated current and former employees to work and thus "employed" them within the meaning of the FLSA.

45.     At all times relevant to this action, Defendants failed to pay its non-exempt employees, including Plaintiff and the FLSA Collective members, federally mandated overtime compensation for all overtime work performed, in violation of the FLSA, including 29 U.S.C. § 207.

46.     The overtime work performed by Plaintiff and the FLSA Collective members at issue in this case is not *de minimis*.

47.     In workweeks where Plaintiff and other FLSA Collective members worked 40 hours or more, they should have been paid overtime wages at the federally mandated rate of 1.5 times each employee's regularly hourly wage, including shift differential where applicable.

48.     Defendants' violations of the FLSA were knowing and willful.

49.     Defendants could have easily accounted for and properly paid overtime wages to Plaintiff and others similarly situated, but did not.

50. The FLSA provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid wages, including unpaid overtime, plus an additional amount in liquidated damages (double damages), plus costs and reasonable attorney fees.

WHEREFORE, Plaintiff respectfully requests the following relief:

a. An Order conditionally certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein;

b. An Order compelling Defendants to disclose in computer format, or in print if no computer readable format is available, the names and addresses of all proposed FLSA Collective members, and authorizing Plaintiff to send notice of this action to all those similarly situated individuals, including publishing of notice in a manner that is reasonably calculated to apprise the members of their right by law to join and participate in this lawsuit;

c. An Order designating Plaintiff as representative of the FLSA Collective;

d. An Order declaring Defendants violated the FLSA and the Department of Labor's attendant regulations as cited herein;

e. An Order declaring Defendants' violations of the FLSA were willful;

f. An Order granting judgment in favor of Plaintiff and against Defendants, and awarding Plaintiff and the FLSA Collective the full amount of damages and liquidated damages available by law;

g. An Order awarding reasonable attorneys' fees and costs incurred by Plaintiff in filing this action as provided by statute;

h. An Order awarding pre- and post-judgment interest to Plaintiff on these damages; and

i. An Order awarding such further or different relief as appears appropriate at the time of final judgment.

## JURY DEMAND

Plaintiff hereby demands a trial by jury in this action.

Respectfully submitted:

/s/Zachary B. Mack
Zachary B. Mack (P62742)
Salvatore Prescott & Porter, PLLC (*Of Counsel*)
Attorney for Plaintiff
105 East Main Street
Northville, Michigan 48167
Tele: (248) 679-8711
Fax:  (248) 773-7280
Email: mack@spplawyers.com